1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   KISHA WALTERS, an individual,        No. 2:21-cv-02299-JAM-JDP

12                  Plaintiff,

13        v.                              **ORDER DENYING PLAINTIFF'S**
                                          **MOTION TO REMAND**
14   DOLLAR TREE DISTRIBUTION, INC.,
     and DOES 1 through 10,
15   inclusive,

16                  Defendants.

17

18        This matter is before the Court on Plaintiff Kisha Walters'

19   ("Plaintiff") motion to remand for lack of subject matter

20   jurisdiction.  See Mot. to Remand ("Mot."), ECF No. 9.  Defendant

21   Dollar Tree Distribution, Inc. ("Defendant") opposes the motion.

22   See Opp'n, ECF No. 16.  Plaintiff replied.  See Reply, ECF

23   No. 22.  For the reasons set forth below, the Court DENIES

24   Plaintiff's motion to remand.[1]

25   ///

26

27   ─────────────────
     [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for March 15, 2022.

                                    1

1                          I.   BACKGROUND

2        Plaintiff filed her complaint in the San Joaquin County

3  Superior Court on December 15, 2020.  Ex. A to Notice of Removal

4  ("Compl."), ECF No. 1.  Defendant then removed the action to this

5  Court on December 13, 2021.  Notice of Removal at 1, ECF No. 1.

6  Defendant's Notice of Removal asserts that this Court has subject

7  matter jurisdiction over Plaintiff's complaint pursuant to

8  diversity jurisdiction under 28 U.S.C. § 1332(a).  Id. at 3.

9  Plaintiff asserts that removal was improper and seeks remand on

10  the grounds that Defendant has not met the jurisdictional amount

11  in controversy requirement.  Mot. at 2.

12        Plaintiff was formerly employed by Defendant as an

13  operations manager in Defendant's Stockton distribution center in

14  the State of California.  Compl. ¶ 9.  Plaintiff alleges four

15  causes of action under the California Fair Employment & Housing

16  Act ("FEHA"): (1) Discrimination under Section 12940(a);

17  (2) Harassment under Section 12940(j); (3) Retaliation under

18  Sections 12940(h) and (m)(2); and (4) Failure to Prevent

19  Discrimination, Harassment, and Retaliation under Section

20  12940(k).  See Compl.  Plaintiff seeks relief for "compensatory,

21  special, and general damages," "punitive and/or exemplary

22  damages," and "statutory attorneys' fees and costs."  Id.

23                          II.   OPINION

24        Federal district courts have subject matter jurisdiction

25  over civil actions between parties with diverse citizenship

26  where "the amount in controversy exceeds the sum of or value of

27  $75,000, exclusive of interests and costs."  28 U.S.C.

28  § 1332(a).  Such an action may be removed to federal court under

                              2

28 U.S.C. § 1441(a).  The removal statute is strictly construed, and the Court must reject federal jurisdiction if there is any doubt as to whether removal was proper.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The parties do not dispute that the diversity requirement is met. They only dispute whether the amount in controversy exceeds $75,000.  Plaintiff argues that remand is proper because she pleads entitlement to less than $75,000 in damages.  Mot. at 2.  Defendant opposes remand arguing that the amount in controversy is greater than $75,000.  Opp'n at 11.

A.   Legal Standard

When the jurisdiction of the Court is challenged, as it is here, the party invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that removal is proper.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010).  The parties may submit evidence outside the complaint including affidavits, declarations, or "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Singer v. State Farm Mut. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (internal citation omitted).  The district court "must [then] make findings of jurisdictional fact to which the preponderance standard applies."  Dart Cherokee, 574 U.S. at 89 (internal citation omitted).

"[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  Campbell v. Vitran Exp., Inc.,

3

471 Fed.Appx 646, 648 (9th Cir. 2012) (internal citation omitted).  "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (citing Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018)).

B.   Analysis

Plaintiff's complaint does not allege a specific amount of damages but does allege, generally and without limitation, that she seeks compensatory, special, and general damages; punitive and/or exemplary damages; and statutory attorney's fees and costs.  Opp'n at 5; see also Compl.  In a FEHA action, a plaintiff may recover any economic damages that are generally available in non-contractual actions, including lost benefits and wages.  State Dep't of Health Servs. v. Super. Ct., 31 Cal. 4th 1026, 1042 (2003).  Although Plaintiff does not specifically seek lost wages in her complaint, lost wages are subsumed in her plea for "compensatory, special, and general damages" absent an assertion to the contrary.  See Compl.

Jurisdictional facts are assessed on the basis of a plaintiff's complaint at the time of removal.  28 U.S.C. § 1441. Further, the weight of authority in this Circuit limits the amount of lost wages considered in the amount in controversy to those accrued at the time of removal.  See Daley v. Walmart Stores, Inc., No. SA CV 18-0518-DOC, 2018 WL 3104630, at *4 (C.D. Cal. Jun. 21, 2018).  The Court therefore calculates lost wages from the time of Plaintiff's termination through the time of removal.

1    Plaintiff alleges she was wrongfully terminated on December

2    11, 2019.  Compl. ¶ 31.  Defendant removed this action on

3    December 13, 2021.  See Notice of Removal.  Since two years have

4    elapsed between Plaintiff's wrongful termination and Defendant's

5    Notice of Removal, the Court will calculate her lost wages as

6    twice her annual salary.

7    Defendant asserts that Plaintiff made $81,120 annually at

8    the time of her termination.  Decl. of Cynthia Cunningham ¶ 5,

9    ECF No. 1-2.  Plaintiff does not dispute this estimate in her

10   moving papers.  See Mot.; see Reply.  Accepting Defendant's

11   estimate of Plaintiff's annual salary, Plaintiff's lost wages

12   for two years is $162,240 (2 x $81,120), exceeding the required

13   jurisdictional amount.

14   Plaintiff objects to the inclusion of lost wages in

15   Defendant's amount in controversy calculation for two reasons.

16   Mot. at 3.  First, Plaintiff contends that Defendant has

17   presented "no evidence . . . that Plaintiff is seeking to

18   recover 'lost wages,'" and therefore Defendant's calculations

19   are "purely conclusory and speculative."  Mot. at 3-4.  Second,

20   Plaintiff contends that, even if lost wages were included, the

21   amount would be mitigated to the extent that Plaintiff has

22   secured subsequent employment.  Id. at 4.  Both arguments are

23   unavailing.

24   First, the Court disagrees with the argument that the

25   Defendant may not include lost wages in its calculations merely

26   because Plaintiff refuses to affirm or deny her claim to said

27   wages.  "[T]he amount in controversy reflects the maximum

28   recovery the plaintiff could reasonably recover."  Arias, 936

1    F.3d at 927 (emphasis added).  Plaintiff has broadly pled

2    recovery for "compensatory, special, and general damages."  <u>See</u>

3    Compl.  Absent an admission that Plaintiff will not seek lost

4    wages, Defendant is justified in including lost wages in its

5    amount-in-controversy calculations, because it is an available

6    remedy for FEHA violations.

7       Second, as Defendant points out, the amount in controversy

8    requirement looks to the value of Plaintiff's claims if she were

9    to succeed.  Opp'n at 7.  Any mitigation would go to the

10    question of what Defendant actually owes rather than what is

11    presently at controversy.  It is inappropriate for the Court to

12    consider mitigation when assessing the amount in controversy,

13    because "mitigation of damages is an affirmative defense, and a

14    'potential defense does not reduce the amount in controversy for

15    purposes of establishing federal jurisdiction.'"  <u>Jackson v.</u>

16    <u>Compass Grp. USA, Inc.</u>, 2019 WL 3493991, at *4 (C.D. Cal.

17    Jul. 31, 2019) (quoting <u>Perez v. Alta-Dena Certified Dairy, LLC</u>,

18    647 F. App'x 682, 684 (9th Cir. 2016)).

19       Accordingly, in the absence of conflicting evidence,

20    Defendant has proved by a preponderance of the evidence that the

21    jurisdictional amount in controversy has been met based on

22    Plaintiff's lost wages ($162, 240).  The Court need not reach

23    the parties' remaining arguments about Plaintiff's other

24    recoverable damages for emotional distress, future attorneys'

25    fees, or punitive damages.

26                   III.   ORDER

27       For the reasons above, the Court finds that Defendant has

28    established by a preponderance of the evidence that the amount in

controversy exceeds $75,000 exclusive of interest and costs.  As the parties do not dispute diversity of citizenship, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Accordingly, the Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: May 6, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE